**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| John Miles, Sr., | Civil No. 04-4072 (DWF/JSM) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Sue Dosal, Mark Thompson, and Lynn Lahd, | |
| Defendants. | |

| | |
|---|---|
| Robin Y. Perkins | Civil No. 04-4111 (DWF/JSM) |
| Plaintiff, | |
| v. | |
| Sue Dosal, Mark Thompson, and Lynn Lahd, | |
| Defendants. | |

| | |
|---|---|
| Ardella Mckenzie, | Civil No. 04-4133 (DWF/JSM) |
| Plaintiff, | |
| v. | |
| Sue Dosal, Mark Thompson, and Lynn Lahd, | |
| Defendants. | |

John Miles, Sr., *Pro Se*, Plaintiff.

Robin Y. Perkins, *Pro Se*, Plaintiff.

Ardella Mckenzie, *Pro Se*, Plaintiff.

John S. Garry, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendants.

This matter is before the Court upon Plaintiff John Miles, Sr.'s, objections to Magistrate Judge Janie S. Mayeron's Report and Recommendation dated August 5, 2005, recommending that: (1) Plaintiff John Miles, Sr.'s, motion for summary judgment be denied; (2) Defendants' motion for summary judgment be granted; and (3) Plaintiff's suit be dismissed with prejudice. The same Report and Recommendation has also recommended that the Court deny the motions for summary judgment by Plaintiffs Robin Y. Perkins and Ardella Mckenzie, but grant Defendants' motion for summary judgment as it relates to Plaintiffs Robin Y. Perkins and Ardella Mckenzie. Plaintiffs Robin Y. Perkins and Ardella Mckenzie have filed no objections, nor did they respond to Defendants' motion for summary judgment. Moreover, Plaintiffs Robin Y. Perkins and Ardella Mckenzie were not present at the hearing before the Magistrate Judge, nor did anyone appear on their behalf.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.  Plaintiff John Miles, Sr.'s, (Civil No. 04-4072) objections (Doc. No. 63) to Magistrate Judge Janie S. Mayeron's Report and Recommendation dated August 5, 2005, are **DENIED**.

  2.  Magistrate Judge Janie S. Mayeron's Report and Recommendation dated August 5, 2005 (Doc. No. 59), is **ADOPTED**.

  3.  Plaintiff John Miles, Sr.'s, (Civil No. 04-4072) motion for summary judgment (Doc. No. 16) is **DENIED**.

  4.  Defendants' (Civil No. 04-4072) motion for summary judgment (Doc. No. 38) is **GRANTED**.

  5.  Plaintiff Robin Perkins's (Civil No. 04-4111) motion for summary judgment (Doc. No. 18) is **DENIED**.

  6.  Defendants' (Civil No. 04-4111) motion for summary judgment (Doc. No. 32) is **GRANTED**.

  7.  Plaintiff Ardella Mckenzie's (Civil No. 04-4133) motion for summary judgment (Doc. No. 19) is **DENIED**.

  8.  Defendants' (Civil No. 04-4133) motion for summary judgment (Doc. No. 29) is **GRANTED**.

  9.  Plaintiffs' suits are **DISMISSED WITH PREJUDICE**.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 27, 2005      s/Donovan W. Frank
                 DONOVAN W. FRANK
                 Judge of United States District Court

## MEMORANDUM

Plaintiffs assert in their complaints and motion papers that the jury selection process in the Fourth Judicial District is not racially neutral. Relying on *Castaneda v. Partida*, 430 U.S.

482 (1977), and *Alexander v. Louisiana*, 405 U.S. 625 (1972), Plaintiffs assert that the racial designation on the Fourth Judicial District juror qualification questionnaire provides a clear and easy opportunity for racial discrimination. However, Plaintiffs have provided no evidence to the Court to support these claims and arguments. As noted by Magistrate Judge Janie S. Mayeron, Plaintiffs' reliance on *Castaneda v. Partida* and *Alexander v. Louisiana* is misplaced because, in both cases, the jury commissioner selected people from the community for jury service based on entirely subjective determinations of their qualifications and with full knowledge of their race. Here, no such procedure was used.

Interestingly, the Fourth Judicial District Jury Administration Plan is required by the Jury Management Rules promulgated by the Minnesota Supreme Court. *See* Minn. Gen. R. Prac. 801-814. The Fourth Judicial District, consistent with the other nine state judicial districts across the State of Minnesota, conducts the process of summoning persons for petit or grand jury service, determines their qualification for jury service, decides their requests for excusal from or deferral of jury service, and informs the petit and grand jury panels in accordance with the provisions of the Plan and the Jury Management Rules.

Defendants' motion for summary judgment is not premature. The information sought by Plaintiff John Miles, Sr., even if it existed, would not change the outcome of the parties' cross-summary judgment motions. This is because the information sought regarding jury pool composition prior to 2002 is not relevant or otherwise determinative to the second element of Plaintiffs' equal protection claim; even if it was relevant to that element and showed a substantial under representation of African Americans, the Plaintiffs still have not shown that the jury selection process is susceptible of abuse or is not racially neutral.

Based upon the record, this Court concludes that requesting potential jurors to identify their race through the jury qualification questionnaire has not rendered the jury-selection process in the Fourth Judicial District susceptible of abuse or caused it to be racially biased.[1]

The constitutional irony of Plaintiffs' position is that state and federal courts across the United States have sought information related to race to prohibit race discrimination and other forms of discrimination during jury selection to increase representation of persons of color and other minorities in both grand jury pools and petit jury pools.[2]

## Conclusion

By adopting the recommendations set forth in Magistrate Judge Janie S. Mayeron's Report and Recommendation, the Court is not suggesting that the civil and criminal justice system no longer needs to be vigilant in assuring that citizens of the Fourth Judicial District and every community in the State of Minnesota, regardless of their race, get an equal opportunity to serve on trial juries and grand juries across the State. No one can doubt that with more representative jury panels across the State of Minnesota, there is a greater likelihood that justice will prevail. The Plaintiffs have the right to insist that, as a court system, we live up to our nation's most sacred principles, including equal justice under the law.

In the words of Retired Associate Justice of the Minnesota Supreme Court Rosalie Wahl, in her preface to the Minnesota Supreme Court Task Force on Racial Bias in the Judicial System

---

[1] The Court observes that the Federal Jury Selection Service Act ("JSSA") has required prospective jurors to provide race information since 1972 and no court has found that the federal jury selection process is unconstitutional. *See* 28 U.S.C. § 1864(a); 1869 (h).

[2] Gathering of such race data and its appropriate utilization was observed in the Minnesota Supreme Court Task Force Report on Racial Bias in the Judicial System in May 1993. The undersigned was a state court judge and member of that Task Force at that time.

Final Report, dated May 1993, "Wherever peoples' conduct frustrates the goal of equal justice for all we will work to change that conduct.  This we vow:  that we will not cease our efforts until this court system, of which we are so proudly a part, treats every person equal before the law–and with dignity and respect–regardless of such irrelevancies as race or gender or class." With or without lawsuits like that in the case before the Court, the challenge to the court system of equal justice for all is as important today as it was in 1993 when then-Associate Justice Rosalie Wahl made her remarks.

      For the reasons stated, the Court has granted Defendants' motion for summary judgment.

D.W.F.